AO 241
REV 10/07

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN |
|---|---|

| Name (under which you were convicted): GLEN GARY GUYN | Docket or Case No.: **18-8975** SECT. I MAG. 3 |
|---|---|

| Place of Confinement: **DIXON CORRECTIONAL INSTITUTE** | Prisoner No.: 127926 |
|---|---|

| Petitioner (include the name under which you were convicted) petitioner) GLENN GARY GUYN | Respondent (authorized person having custody of V.   JASON KENT, WARDEN |
|---|---|

| The Attorney General of the State of Louisiana: |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **22nd Judicial District Court, Parish of Washington**

   (b) Criminal docket or case number (if you know): **15-CR6-128360**

   TENDERED FOR FILING

2. (a) Date of the judgment of conviction (if you know): **10-13-15**
   (b) Date of sentencing: **12-7-15**

   SEP 24 2018

3. Length of sentence: **40 years hard labor**

   U.S. DISTRICT COURT
   Eastern District of Louisiana
   Deputy Clerk

4. In this case, were you convicted on more than one count or of more than one crime?
   **[X] Yes** [ ] No

5. Identify all crimes of which you were convicted and sentenced in this case:
   **La. R.S. 40:983 & La. R.S. 40:967 (A) (1)**

6. (a) What was your plea? (Check one)
   (1)   **Not guilty [X]**        (3)   Nolo contendere (no contest)   [   ]
   (2)   Guilty   [   ]            (4)   Insanity plea        [   ]

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
   **N/A**

   (c) If you went to trial, what kind of trial did you have? (Check one)  **[X] Jury**

   [ ] Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?   **[X] Yes**   [   ] No

1

AO 241
REV 10/07

**8.** Did you appeal from the judgment of conviction?  **[X] Yes** [   ] No
**9.** If you did appeal, answer the following:
(a) Name of court: **Louisiana First Circuit Court of Appeal**
(b) Docket or case number (if you know): **2016-KA-1059**
(c) Result: **Affirmed**
(d) Date of result (if you know): **4-12-17**
(e) Citation to the case (if you know) **2017 La. App. Unpub. Lexis 110**
(f) Grounds raised:   **Insufficient Evidence; Other Crimes Evidence; Habitual Offender Adjudication; Motion to Suppress denial; Ineffective Assistance of Counsel; Improper Remarks during Closing Argument.**
(g) Did you seek further review by a higher state court? **[X] Yes** [   ] No

If yes, answer the following:
    (1) Name of court: **Louisiana Supreme Court**
    (2) Docket or case number (if you know): **2017-KO-1082**
    (3) Result: **Denied**
    (4) Date of result (if you know): **6-1-18**
    (5) Citation to the case (if you know):  **Unknown at this time**
    (6) Grounds raised:  **Insufficient Evidence; Other Crimes Evidence; Motion to Suppress denial.**
(h) Did you file a petition for certiorari in the United States Supreme Court?  [   ] Yes
        **[X] No**
    If yes, answer the following:  **N/A**
    (1) Docket or case number (if you know):  **N/A**
    (2) Result:  **N/A**
    (3) Date of result (if you know):  **N/A**
    (4) Citation to the case (if you know):  **N/A**


**10.** Other than the direct appeals listed above, have you previously filed any other petitions, application, or motions concerning this judgment of conviction in any state court? [   ] Yes  **[X] No**


**11.** If your answer to Question 10 was "Yes", give the following information:
(a) (1) Name of court:  **N/A**
    (2) Docket or case number (if you know):  **N/A**
    (3) Date of filing (if you know):  **N/A**
    (4) Nature of the proceeding:  **N/A**
    (5) Grounds raised:  **N/A**
    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?  **N/A**
        [   ] Yes [   ] No  **N/A**
    (7) Result:  **N/A**
    (8) Date of result (if you know):  **N/A**
(b)  If you filed any second petition, application, or motion, give the same information:  **N/A**
    (1) Name of court:  **N/A**
    (2) Docket or case number (if you know):  **N/A**

2

AO 241
REV

(3) Date of filing (if you know):  **N/A**
(4) Nature of the proceeding:  **N/A**
(5) Grounds raised:  **N/A**
(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  **N/A**
[  ] Yes [  ] No  **N/A**
(7) Result:  **N/A**
(8) Date of Result (if you know):  **N/A**
(c) If you filed any third petition, application, or motion, give the     same information:  **N/A**
(1) Name of court:  **N/A**
(2) Docket or case number (if you know):  **N/A**
(3) Date of filing (if you know):  **N/A**
(4) Nature of the proceeding:  **N/A**
(5) Grounds raised:  **N/A**
(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
[  ] Yes [  ] No **N/A**
(7) Result:  **N/A**
(8) Date of result (if you know):  **N/A**
(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?  **N/A**
(1) First petition:        [  ] Yes    [  ] No **N/A**
(2) Second petition:   [  ] Yes    [  ] No **N/A**
(3) Third petition:      [  ] Yes [  ] No **N/A**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:  **N/A**

**12.** For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

**Insufficient Evidence to Convict**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):   **See attached Memorandum**

(b) If you did not exhaust your state remedies on Ground One, explain why:  **All have been exhausted.**
(c) Direct Appeal of Ground One:
(1) If you appealed from the judgment of conviction, did you raise this issue?  **[X] Yes** [  ] No
(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial  court?  [   ] Yes **[X] No**

(2) If your answer to Question (d) (1) is "Yes," state:  **N/A**
Type of motion or petition: **N/A**
 Name and location of the court where the motion or petition was filed: **N/A**
Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result: (attach court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? [ ] Yes [ ] No   **N/A**
(4) Did you appeal form the denial of your motion or petition? [ ] Yes [ ] No   **N/A**
(5) If your answer to Question (d) (4) if "Yes," did you raise this issue in the appeal? [   ] Yes [   ] No   **N/A**
(6) If your answer to Question (d) (4) is "Yes," state:  **N/A**
Name and location of the court where the appeal was filed: **N/A**
Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result (attach a copy of the court's opinion or order, if available): **N/A**
(7) If your answer to Question (d) (4) or Question (d) (5) is "No", explain why you did not raise this issue:
**No Post-Conviction Relief was filed in the State Court.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:
**Exhausted with the Louisiana Supreme Court by writ of certiorari.**

**GROUND TWO:**

**The trial court erred in denying petitioners Motion to Suppress the evidence**

4

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):   **See attached Memorandum**

(b) If you did not exhaust your state remedies on Ground One, explain why:   **All have been exhausted.**

(c) Direct Appeal of Ground Two:

(1)  If you appealed from the judgment of conviction, did you raise this issue?   **[X] Yes** [  ] No

(2)  If you did not raise this issue in your direct appeal, explain why:   **N/A**

(d) <u>**Post-Conviction Proceedings:**</u>

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial  court? [  ] Yes **[X]  No**

(2) If your answer to Question (d) (1) is "Yes," state:   **N/A**

Type of motion or petition:   **N/A**

 Name and location of the court where the motion or petition was filed:   **N/A**

Docket or case number (if you know):   **N/A**

Date of the court's decision:   **N/A**

Result: (attach court's opinion or order, if available):   **N/A**

(3) Did you receive a hearing on your motion or petition? [  ] Yes [  ] No   **N/A**

(4) Did you appeal form the denial of your motion or petition? [  ] Yes [  ] No   **N/A**

(5) If your answer to Question (d) (4) if "Yes," did you raise this issue in the appeal?   [   ] Yes [  ] No   **N/A**

(6)  If your answer to Question (d) (4) is "Yes," state:   **N/A**

Name and location of the court where the appeal was filed:   **N/A**

Docket or case number (if you know):   **N/A**

Date of the court's decision:   **N/A**

Result (attach a copy of the court's opinion or order, if available):   **N/A**

(7) If your answer to Question (d) (4) or Question (d) (5) is "No", explain why you did not raise this issue:

**No Post-Conviction Relief was filed in the State Court.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**Exhausted with the Louisiana Supreme Court by writ of certiorari.**

**<u>GROUND THREE:</u>**

**The State Court erred in allowing other crimes evidence to be admitted at trial**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):   **See attached Memorandum**

(b) If you did not exhaust your state remedies on Ground One, explain why: **All have been exhausted.**

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue? **[X] Yes** [ ] No

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes **[X] No**

(2) If your answer to Question (d) (1) is "Yes," state: **N/A**
Type of motion or petition: **N/A**
Name and location of the court where the motion or petition was filed: **N/A**
Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result: (attach court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? [ ] Yes [ ] No **N/A**

(4) Did you appeal form the denial of your motion or petition? [ ] Yes [ ] No **N/A**

(5) If your answer to Question (d) (4) if "Yes," did you raise this issue in the appeal? [ ] Yes [ ] No **N/A**

(6) If your answer to Question (d) (4) is "Yes," state: **N/A**
Name and location of the court where the appeal was filed: **N/A**
Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d) (4) or Question (d) (5) is "No", explain why you did not raise this issue:
**No Post-Conviction Relief was filed in the State Court.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **Exhausted with the Louisiana Supreme Court by writ of certiorari.**

**13.** Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? **[X] Yes** [ ] No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **N/A**

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, what ground or grounds have not been presented, and state your reasons for not presenting them: **NO**

AO 241
REV

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? [  ] Yes **[X] No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **N/A**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? [  ] Yes **[X] No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the ground raised: **N/A**

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **David J. Knight, 919 A Washington St, Franklinton, La. 70438**
(b) At arraignment and plea: **David J. Knight, 919 A Washington St, Franklinton, La. 70438**
(c) At trial: **David J. Knight, 919 A Washington St, Franklinton, La. 70438**
(d) At sentencing: **David J. Knight, 919 A Washington St., Franklinton, La. 70438**
(d) On appeal: **Jane Beebe, Louisiana Appellate Project, P.O. Box 6351, New Orleans, La. 70174**
(e) In any post-conviction proceeding: **N/A**
(f) On appeal from any ruling against you in a post-conviction proceeding: **N/A**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? [  ] Yes **[X] No**

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**
(b) Give the date the other sentence was imposed: **N/A**
(c) Give the length of the other sentence: **N/A**
(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? [  ] Yes [  ] No   **N/A**

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

**Applicant's conviction became final on June 1, 2018, when the Louisiana Supreme Court denied his direct appeal writ of certiorari.**

AO 241
REV

Therefore, petitioner asks that the Court grant the following relief:  Reversal of the Convictions, Order the Custodian to Release the Petitioner from Custody, Grant a New Trial, and/or any other relief to which petitioner may be entitled.

_____ *Pro-Se Representation*
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this _18th_ day of _September_ 2018, at Dixon Correctional Institute.

Signed on this _18th_ day of _September_ , 2018.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.   **N/A**

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GLENN GARY GUYN

Versus                                      CASE NO. _____

JASON KENT, WARDEN

---

**MEMORANDUM IN SUPPORT OF PETITION**

**UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS**

---

TENDERED FOR FILING

SEP 24 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**RESPECTFULLY SUBMITTED:**
GLENN GARY GUYN #127925
DIXON CORR. INSTITUTE
P.O. BOX 788 U-1 D-E
JACKSON, LA 70748-0788

## **TABLE OF CONTENTS**

Table of Authorities.................................................................................................iii

Statement of Jurisdiction..........................................................................1

Procedural History....................................................................................1

Statement of Facts....................................................................................2

Claim #1 / Argument...............................................................................3

Claim #2 / Argument...............................................................................5

Claim #3 / Argument.............................................................................14

Certificate of Service.............................................................................17

## TABLE OF AUTHORITIES

*Bigby v. Dretke*, 402 F.3d 551, 563 (5th Cir. 2005)............................................. 15

*Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, (1993)........................16

*Brigham*, 382 F.3d at 507 ....................................................................7,8

*Gonzales*, 643 F.3d at 430 ...................................................................15

*Hernandez v. Dretke*, 125 F. App'x 528, 529 (5th Cir. 2005)................................15

*Jackson v. Virginia*.........................................................................3,4

*Jenson,* 462 F.3d at 405................................................................... 9,10,11

*Jones,* 234 F.3d at 242................................................................. …10

*Kirkpatrick v. Blackburn*, 777 F.2d 272, 279 (5th Cir. 1985). ...............................15

*Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997) ...................................16

*Lisenba v. People of the State of California*, 314 U.S. 219, 236-37, (1941). ...............15

*Lopez-Moreno*, 420 F.3d at 431...............................................................8

*Ornelas v. United States,* 517 U.S. 690, 696, 116 S. Ct. 1657, (1996)..................... .6

*Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991)........................................15

*Shabazz*, 993 F.2d at 437. ...................................................................8

*State v. Johnson,* 264 F.3d 1140 (5th Cir. June. 18, 2001) (Unpub.).........................13

*State v. Prieur*, 277 So2d 126 (La. 1973).....................................................14

*Terry v. Ohio,* 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)...................5, 6

*United States v. Chavez*, 281 F.3d 479, 485 (5th Cir. 2002)..................................6

*United States v. Dortch,* 199 F.3d 193, 198 (5th Cir. 1999)..................................8

*United States v. Gonzales,* 79 F.3d 413, 420 (5th Cir.1996)..................................12

*United States v. Lopez-Moreno,* 420 F.3d 420, 430 (5th Cir. 2005)............................7

*United States v. Sanchez-Pena,* 336 F.3d 431, 442 (5th Cir. 2003) ...........................10

*United States v. Santiago,* 310 F.3d 336, 342 (5th Cir. 2002)...............................10

*United States v. Sokolow,* 490 U.S. 1, 7-8, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989))........6

*United States v. Shabazz,* 993 F.2d 431, 435 (5th Cir. 1993) (citing *Terry,* 392 U.S. at 19-20)............................................................................................... .6

United *States v. Valadez,* 267 F.3d 395, 398 (5th Cir. 2001).................................6

*United States v. Waldrop,* 404 F.3d 365, 368 (5th Cir. 2005). ...............................7

*Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000) ................................... .....16

*Ward v. Dretke,* 420 F.3d 479, 488 (5th Cir. 2005)..........................................13

*Wong Sun v. United States,* 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963))....... 13

*Wood v. Quarterman,* 503 F.3d 408, 414 (5th Cir. 2007). ...................................15


*28 U.S.C. 2241*

*28 U.S.C. 2254*

*La. R.S. 40:969(C)-*

*La. R.S. 40:967(A)(1)*

*La. R.S. 40:983*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**GLENN GARY GUYN**

**Versus**                                           CASE NO. _____

**JASON KENT, WARDEN**

MEMORANDUM IN SUPPORT OF PETITION

UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS

**NOW INTO COURT** comes the Petitioner, Glenn Gary Guyn, in pro-se, who respectfully submits this Memorandum in support of his Petition for Writ of Habeas Corpus relief.

**STATEMENT OF JURISDICTION**

Jurisdiction is properly vested in the United States District Court for the Eastern District of Louisiana pursuant to *28 U.S.C. 2241* and *2254.*

**PROCEDURAL HISTORY**

Petitioner, Glenn Guyn, was charged by bill of information with possession of a schedule IV controlled dangerous substance (alprazolam), a violation of *La. R.S. 40:969(C)* (count one); possession with intent to distribute a schedule II controlled dangerous substance (methamphetamine), a violation of *La. R.S. 40:967(A)(1)* (count two); and operation of a clandestine laboratory, a violation of *La. R.S. 40:983* (count three). He pled not guilty. The state severed count one and proceeded to trial on counts two and three. Following a jury trial, Mr. Guyn was found guilty as charged on these remaining counts. Petitioner filed motions for new trial and post-verdict judgment of

1

acquittal, both of which the trial court denied. Thereafter, the state filed a habitual offender bill of information, alleging petitioner to have three prior felony convictions. Pursuant to a plea agreement, petitioner admitted to the allegations contained in the habitual offender bill of information in exchange for concurrent sentences on each count of forty years at hard labor, without the benefit of probation or suspension of sentence. The trial court accepted petitioner's admission, adjudicated him a fourth-felony habitual offender on each count, and sentenced him in accordance with the agreement. Mr. Guyn moved for reconsideration of sentence, and the trial court denied the motion.

Mr. Guyn appealed his conviction and sentence to the Louisiana First Circuit Court of Appeal alleging three counseled and three pro se assignments of error. The Circuit Court affirmed the convictions, habitual offender adjudication, and sentences. Thereafter Mr. Guyn filed a writ of certiorari to the Louisiana Supreme Court alleging three assignments of error. The Louisiana Supreme Court denied said writ on June 1, 2018. No further review was taken to the U.S. Supreme Court.

## STATEMENT OF FACTS [1]

On the evening of March 4, 2015, several members of the Washington Parish Sheriff's Office drug task force were conducting operations in the area of Mount Hermon. Lieutenant Brent Goings was responding to a call in the area of Porter's Curve when he observed a green Nissan truck cross the center line of the roadway. He alerted Detectives Steven Adcox and Jason Garbo to be on the lookout for the vehicle. Shortly thereafter, Detective Garbo located the suspect vehicle and began to follow it. When the truck

---

[1] Facts are taken from the Louisiana First Circuit Court of Appeal opinion on direct appeal; State v. Guyn, 2017 La. 1 App. Unpub. LEXIS 110 NO. 2016 KA 1059 (April 12, 2017).

approached the area where Detective Adcox had parked his own vehicle, Detective Garbo effected a traffic stop with assistance from Detective Adcox alleging that the truck "crossed the fog line."

Detectives Adcox and Garbo made contact with petitioner, who was the driver and sole occupant of the vehicle. Petitioner consented to a search of the truck. During the ensuing search, the detectives located an open beer can, multiple small storage bags containing a white substance eventually determined to be methamphetamine, a digital scale, more than one hundred pseudoephedrine pills, empty small storage bags, and lithium batteries. Mr. Guyn was not the registered owner of the vehicle. The registered owner of the vehicle arrived later, but he was not arrested.

Following the search of the vehicle, Detective Garbo applied for a search warrant of petitioner's home, which was located approximately one-half mile from the scene of the stop, in the direction of petitioner's travel. In an ensuing search of Mr. Guyn's residence, the detectives located several items that are traditionally used in the production of methamphetamine, including a plastic bottle used as an "HC1 generator" and several containers of carburetor and starter fluid. Detective Adcox also recovered $513.00 in cash from Mr. Guyn's person.

## CLAIM #1

### Insufficient Evidence to Convict

### ARGUMENT

In reviewing the sufficiency of the evidence to support a criminal conviction, the Due Process Clause of the 14th Amendment to the U.S. Constitution requires the court to determine whether the evidence is minimally sufficient. A complete reading of the

transcript of this trial shows that the state failed to meet the burden of proof enunciated by the Supreme Court in *Jackson v. Virginia*.

Ultimately, all the evidence in the record, viewed in a light favorable to the state, must satisfy the reviewing court that a rational trier of fact could have found the defendant guilty of the crime for which he was convicted, beyond a reasonable doubt. The circumstantial evidence rule is a component of this reasonable doubt standard. On appeal, the issue is whether a rational trier of fact, viewing the evidence in a light favorable to the state, could find that all reasonable hypotheses of innocence were excluded.

In order for the state to obtain a conviction, it must prove the elements of a crime beyond a reasonable doubt. In this case, the only issue was possession. The defense's theory of this case was this was not Mr. Guyn's truck and not his contraband. The police were admittedly targeting Mr. Guyn in the days leading up to his arrest. (Rec.p.99). A couple arrived at the parking lot and the man claimed ownership of the vehicle. The woman spoke to police and according to the police a confidential informant provided information that Mr. Guyn had equipment to make methamphetamine at the house. No surveillance was done to corroborate this allegation. Based solely on that allegation, the police got a search warrant for the house. Nothing found at the house or in the truck was fingerprinted or shown to belong to Mr. Guyn. No surveillance of Mr. Guyn was done and no one testified he touched or knew the objects were in the house. After trial, the defense filed a motion for a new trial and a motion for post verdict judgment of acquittal based on the lack of proof of possession or identity of the owner of the contraband. (Rec.pp.37-40).

4

Unfortunately, the jury did not see the flawed proof of intent offered by the state at trial. They researched a guilty verdict instead of holding the state to its legitimate burden of proof in a criminal case of beyond a reasonable doubt. By denying the motion for a new trial and motion for post verdict judgment of acquittal, the trial court failed to legitimately hold the state to its burden to prove all of the elements of the crime and to prove them beyond a reasonable doubt. Any and all reasonable doubts must be decoded in favor of Glenn Guyn and not the state. The evidence was insufficient in this case to support the requisite element of possession and ownership in this case and the state failed in upholding its burden of proof. The lower courts rulings were contrary to clearly established United States Supreme Court precedent set forth by *Jackson v. Virginia* and therefore, the writ must issue.

## CLAIM # 2

### The trial court erred in denying petitioners
### Motion to Suppress the evidence

### ARGUMENT

The trial court erred by a denying petitioner's Motion to Suppress the Evidence, thus, allowing petitioner's Fourth Amendment Right to be violated. The Fourth Amendment of the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const., Amend. IV.* " A traffic stop entails a seizure for purposes of the Fourth Amendment. See *Jackson v. Virginia.* (stopping a vehicle and detaining its occupant(s) constitutes a seizure). Traffic stops, whether supported by probable cause or a reasonable suspicion, are treated as *Terry* stops. See *Terry v. Ohio,* 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

5

Under *Terry*, a law enforcement officer may temporarily detain a person when the "officer has a reasonable, articulable suspicion that a person has committed or is about to commit a crime." *United States v. Chavez*, 281 F.3d 479, 485 (5th Cir. 2002) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)). Reasonable suspicion may be described as "'a particularized and objective basis' for suspecting the person stopped of criminal activity." *Id.* (citing *Ornelas v. United States,* 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)). To satisfy the Fourth Amendment, the stopping officer must be able to "articulate more than an 'inchoate and unparticularized suspicion or "hunch"' of criminal activity." *Id.* (citing *Ornelas v. United States,* 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996The Fourth Amendment requires but a "minimal level of objective justification for making the stop," and requires "a showing considerably less than preponderance of the evidence." *Id.* (citation omitted). The validity of the stop is determined under "the totality of the circumstances-the whole picture." *Id.* (citing *United States v. Sokolow,* 490 U.S. 1, 7-8, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989)).

A *Terry* analysis is two-tiered: (1) whether the officer's action of stopping the vehicle was justified at its inception; and (2) whether the officer's actions were reasonably related in scope to the circumstances that justified the stop. *United States v. Shabazz,* 993 F.2d 431, 435 (5th Cir. 1993) (citing *Terry,* 392 U.S. at 19-20); United *States v. Valadez*, 267 F.3d 395, 398 (5th Cir. 2001). Typically, the defendant bears the burden of proving by a preponderance of the evidence that the challenged search or seizure was unconstitutional. (Citation omitted). However, when the law enforcement

officer acts without a warrant; the government bears the burden of proving that the search was valid. See *United States v. Waldrop,* 404 F.3d 365, 368 (5th Cir. 2005).

## I. *Terry's* **First Prong**

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno,* 420 F.3d 420, 430 (5th Cir. 2005).

In this case, Officers Goings, Adcox and Garbo initially stopped petitioner because they claimed his vehicle crossed the center line while headed towards Det. Garbo positioned at Porter's curve. Accordingly, Officers Goings, Adcox and Garbo had reasonable suspicion to initially stop petitioner vehicle.

## II.*Terry's* **Second Prong**

The second prong of the *Terry* inquiry focuses upon whether the stopping officer's actions were:

"Reasonably related to the circumstances that justified the stop, or to dispelling his reasonable suspicion developed during the stop". This is because a detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop unless further reasonable suspicion, supported by articulable facts, emerges. *Brigham,* 382 F.3d at 507 (citations omitted).

The United States Fifth Circuit Court has recognized that pursuant to an initial traffic stop, a police officer may (1) examine the driver's license and registration of the driver and vehicle, and run a computer check to investigate whether the driver has any outstanding warrants and if the vehicle was stolen; (2) ask the driver to exit the vehicle;

7

and (3) ask the driver and any passengers about the purpose and itinerary of their trip, including other unrelated questions. See generally *Brigham,* 382 F.3d at 508; *United States v. Dortch,* 199 F.3d 193, 198 (5th Cir. 1999); *Shabazz,* 993 F.2d at 437. Detention during these actions is reasonable under the Fourth Amendment. "Although an officer's inquiry may be wide-ranging, once all relevant computer checks have come back clean, there is no more reasonable suspicion, and, as a general matter, continued questioning thereafter unconstitutionally prolongs the detention." *Lopez-Moreno,* 420 F.3d at 431. (citations omitted). "To continue a detention after such a point, the officer must have a reasonable suspicion supported by articulable facts that a crime has been or is being committed." *United States v. Santiago,* 310 F.3d 336, 342 (5th Cir. 2002).

In this case, Officers Goings, Adcox and Garbo's initial questioning of petitioner (before they ran any computer checks) was fully within the scope of the initial traffic stop. As cited above, the Fifth Circuit has repeatedly held that pursuant to a valid stop, a police officer may request the driver's license and registration, run a license and criminal background check, and question the driver regarding his origin and itinerary. See *Dortch, supra* (detention and questioning while computer check was pending was lawful). However, to extend the detention (once the computer background check comes back), Officers Goings, Adcox and Garbo needed to articulate specific facts which support a reasonable suspicion of additional criminal activity. As seen from the record, none of this was done.

The alleged grounds articulated by Officers Goings, Adcox and Garbo to support their suspicions are susceptible to innocent explanation. It seems that if these officers were concerned with any type of illegal activity going on at least one of them would have

performed a sobriety test on petitioner to see if he was intoxicated. At *"no time"* did either of them do this. The vast majority of Officers Goings, Adcox and Garbo's suspicions focused upon circumstances that could have been allayed by asking follow-up questions. None of this was done either. All they focused on was searching the vehicle petitioner was driving.

Here, the only circumstance that was not readily amenable to explanation by petitioner was Officers Goings, Adcox and Garbo's perception that petitioner appeared to be intoxicated by crossing the center line. The courts are generally obliged to accord deference and even "great respect" to an officer's training and experience. See *Jenson*, 462 F.3d at 405. However, the courts are not compelled to rubberstamp an officer's proffered rationale simply because he invokes his training and experience.

Officers Goings, Adcox and Garbo, however, did not articulate how petitioner's behavior or any other circumstances indicated that he was engaged in illegal drug activity or some other specific criminal activity. See *Jenson, supra*; see also *Santiago, supra* (search was unreasonable even though officer thought that the car might contain drugs, because any suspicion of drug trafficking was dispelled once the licenses cleared). Accordingly, Officers Goings, Adcox and Garbo's suspicions comprised no more than a hunch.

Although it is admittedly a close question, upon consideration of the totality of circumstances, this court is compelled to find that Officers Goings, Adcox and Garbo have not demonstrated a reasonable suspicion sufficient to prolong petitioner's traffic stop. Thus, a constitutional violation occurred the moment that Officers Goings, Adcox

9

and Garbo detained petitioner past the point when they were supposed to run his background check.

### III. Consent to Search

A consensual encounter may follow the end of a valid traffic stop. *United States v. Sanchez-Pena,* 336 F.3d 431, 442 (5th Cir. 2003) (citation omitted). Two different standards apply to determine whether a defendant consents to a search: "'the normal standard for *consensual searches that occur subsequent to legal stops*' and the heightened consent standard that applies to a consent to search obtained after an illegal stop." *Id.* (citation omitted).

Under the first standard, a valid consent to search must be "free and voluntary." *Shabazz,* 993 F.2d at 438 (citation omitted). The state typically has the burden of proving voluntary consent by a preponderance of the evidence. *Id.* "The voluntariness of consent is a question of fact to be determined on the totality of the circumstances." *Id.* To determine whether consent to search was obtained voluntarily, the courts consider the following factors, (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police tactics; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse consent; (5) his education level and intelligence; and (6) his belief that no incriminating evidence will be found. *Id.* Although all six factors are relevant, no single factor is dispositive. *Id*

When consent to search is obtained following a Fourth Amendment violation, the consent "may, but does not necessarily, dissipate the taint" of the constitutional transgression. *Jones,* 234 F.3d at 242 (citation omitted). Under these circumstances, not only must the consent be voluntary, it also must represent "an independent act of free

will" sufficient to break the "causal chain" between the illegal detention and the consent *Id*. In this regard, the court must consider "1) the temporal proximity of the illegal conduct and the consent; 2) the presence of intervening circumstances; and 3) the purpose and flagrancy of the initial misconduct." *Id*. Ultimately, the consent to search cannot be the product of the illegal detention. *Jenson, supra*.

Applying the foregoing considerations here, this court should find that the state has not established neither the voluntariness of the consent, nor the requisite causal interruption. At the outset, this court should observe that Officers Goings, Adcox and Garbo did not perform a sobriety test before seeking consent to search the vehicle. Petitioner also initially agreed to continue to talk to Officers Goings, Adcox and Garbo after they did not seem concerned about the sobriety test.

This sequence supports an inference that petitioner thought that he was free to leave at the time they seemed "not too worried about doing the sobriety test". On the other hand, Officers Goings, Adcox and Garbo never told petitioner that he was free to leave.

Moreover, the situation quickly changed when Officers Goings, Adcox and Garbo asked petitioner for his consent to search the vehicle. At that point, petitioner expressed some hesitation and inquired why Officers Goings, Adcox and Garbo wanted to search his vehicle. Officers Goings, Adcox and Garbo replied "because we can". They then asked if petitioner had been drinking and he replied "no".

Immediately thereafter Officers Goings, Adcox and Garbo pushed the question again and asked if they could search his vehicle. Petitioner again replied "no" because the vehicle was not his and he did not know what was in it. It was at this point that Officer

**11**

Goings said "O-well, it's going to be your word against mine or ours". (Tr. Trans. Pg 110)That's when Mr. Guyn said "I'm signing this Rights form, but I'm signing it *"under duress"*, with the letters *"U.D. "* placed behind his name (see state Exhibit No. 17 during trial) (Tr. Trans. Pg 110). At this point Officers Goings, Adcox and Garbo handcuffed petitioner and placed him in the back of the vehicle (*truck*).

Taken together, a reasonable person would likely, and, as it turns out, correctly, infer that the investigating officer suspected him of wrongdoing. See *United States v. Gonzales,* 79 F.3d 413, 420 (5th Cir.1996) ("[A] statement by a law enforcement officer that an individual is suspected of illegal activity is persuasive evidence that the fourth amendment has been implicated.").

Moreover, during this discourse, Officers Goings, Adcox and Garbo repeated some earlier questions and continued to search the vehicle. Under these circumstances, this court should not be persuaded that when petitioner signed the consent form, his custodial status was voluntary or free of perceivably intimidating police tactics.

Although Officers Goings, Adcox and Garbo ensured that petitioner signed a consent to search form, which stated that he had been informed that he could refuse to consent, Officers Goings, Adcox and Garbo did not, in fact, explain this portion of the form to petitioner. Accordingly, the state did not establish that petitioner was aware of his right to refuse consent.

The record contains no evidence regarding petitioner's educational level and intelligence. There is also no question but that petitioner fully cooperated with Officers Goings, Adcox and Garbo. Upon consideration of the totality of the circumstances, this court should find that petitioner's consent was not voluntary. In any event, even if

12

petitioner had voluntarily consented to the search, it remained the product of the illegal detention. While Officers Goings, Adcox and Garbo constitutional transgression was very egregious, they sought consent no more than one or two minutes after the unconstitutional detention. See *United States v. Johnson*, 264 F.3d 1140 (5th Cir. June. 18, 2001) (Unpub.) (Lapse of twenty or thirty minutes between the illegal conduct and the consent is characterized as a "close" temporal proximity). Although the fact that Officers Goings, Adcox and Garbo did not perform a sobriety test before seeking consent to search may be considered an intervening circumstance, there is no indication that petitioner knew, subjectively or objectively, that he was free to leave.

## IV. All Evidence Obtained As a Result of the Search Must Be Suppressed

"Under the fruit of the poisonous tree doctrine, 'all evidence derived from the . . . illegal search . . . must be suppressed, unless the state shows that there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the constitutional violation.' "*Jenson*, 462 F.3d at 408 (quoting *Dortch*, 199 F.3d at 200-01) (ellipsis in original)."The test for determining whether evidence is inadmissible as fruit of the poisonous tree is 'whether, granting establishment of the primary illegality, the evidence . . . has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' "*Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005) (quoting *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)).

Here, there is no indication that the officers would have discovered close to a hundred pseudoephedrine pills, lithium batteries in a sock, Xanax, a scale, and baggies, but for their unconstitutional detention and search of petitioner's barrowed vehicle. Thus,

"*all*" of the physical evidence discovered as a result of the search warrant is fruit of the poisonous tree and should have been suppressed. *Thibodeaux, supra* (evidence obtained as a result of an illegal seizure must be suppressed).

The state courts' denial of relief on this claim was contrary to and an unreasonable application of clearly established Supreme Court precedent set in *Terry vs. Ohio*. The writ must issue as to this claim.

## CLAIM # 3

### The State Court erred in allowing other crimes evidence to be admitted at trial

### ARGUMENT

The trial court erred in admitting evidence of other crimes. The State filed a notice of intent to use evidence of other crimes pursuant to *State v. Prieur*, 277 So2d 126 (La. 1973). They wanted to introduce certified copies of Mr. Guyn's two prior drug convictions citing they were relevant to show intent. (Rec. pp. 4-5, 21-24). Defense opposed the admission of the evidence because Mr. Guyn did not take the stand at trial during which prior convictions would be allowed to be heard by the jury to determine credibility. The prior convictions were not relevant to the crime charged because intent was not really an issue in the case. One does not possess meth or making meth equipment on accident. The issue at trial was who possessed the items. The improper introduction of two prior drug convictions served only to depict Mr. Guyn as a bad person and thus he acted in conformity with his prior convictions and must be guilty of the charged crimes too. The trial court held no separate hearing and just ruled the prior convictions relevant during trial. The defense lodged an objection as to relevance. (Rec. pp. 4-5, 21-24, 121,

206-7). Clearly, the State Court's rulings were in direct violation of clearly established federal jurisprudence.

Federal habeas review does not generally lie for errors of state law, unless the proceedings violate due process in such a way that the violation renders the criminal proceeding fundamentally unfair. *Lisenba v. People of the State of California*, 314 U.S. 219, 236-37, 62 S. Ct. 280, 86 L. Ed. 166 (1941).Federal habeas review on such matters is proper only to determine whether a state trial judge's error is so extreme as to render the trial fundamentally unfair or violate an explicit constitutional right. *Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991). The Due Process Clause provides a mechanism for relief when evidence is wrongly admitted in a state court criminal proceeding, but only if that evidence is so unduly prejudicial that it renders the trial fundamentally unfair. *Bigby v. Dretke*, 402 F.3d 551, 563 (5th Cir. 2005). The evidence must have had a substantial, injurious effect or influence in determining the jury's verdict such that it rendered the trial fundamentally unfair. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007). Admission of prejudicial evidence is fundamentally unfair so as to justify federal habeas corpus relief only if it "played a crucial, critical, and highly significant role in the trial." *Gonzales*, 643 F.3d at 430 (quotation omitted).

Under these standards, to establish a fundamentally unfair trial, a petitioner must show a reasonable probability that the verdict might have been different had the trial been properly conducted. *Kirkpatrick v. Blackburn*, 777 F.2d 272, 279 (5th Cir. 1985). A habeas petitioner must show that "the trial court's error had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Hernandez v. Dretke*, 125 F. App'x

15

528, 529 (5th Cir. 2005) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)).

This claim presents a mixed question of law and fact. *Wilkerson v. Cain,* 233 F.3d 886, 890 (5th Cir. 2000); *Livingston v. Johnson,* 107 F.3d 297, 309 (5th Cir. 1997) (admissibility of evidence under the Due Process Clause is a mixed question of law and fact). Thus, the court must determine whether the denial of relief by the state courts was contrary to or an unreasonable application of federal law. Under these rigorous standards, Mr. Guyn has indeed met his burden regarding the trial court's admission of the evidence of the two prior drug charges. The two prior drug convictions had no relevance to the crime charged. The 2004 conviction was for possession with intent to distribute marijuana and the 2009 conviction was for possession of methamphetamine. The present charges were for possession of methamphetamine and operating a meth lab. The state introduced them by simply entering into evidence certified copies of the convictions before the jury. A hearing was never even held to determine their relevance nor did the state particularize the need to admit the evidence and actual purpose for which it was offered as required by *Prieur.* Mr. Guyn did not testify and his credibility was not at issue before the jury. (Rec. pp. 39-40, 206-7). The admission of the prior convictions at trial when Mr. Guyn did not testify was purely prejudicial and was not probative since it was unrelated to the events on March 4, 2015. The evidence was introduced to portray Mr. Guyn as a bad person which is not the intent or purpose of the law or why inadmissible evidence is sometimes allowed.

Under these circumstances, the introduction into evidence of evidence of the prior drug charges resulted in a denial of fundamental fairness. The state courts' denial of relief

on this claim was contrary to and an unreasonable application of United States Supreme Court precedent.

Therefore, the writ must issue.

**WHEREFORE,** the writ of habeas corpus should issue and Mr. Guyn's conviction and sentence be vacated.

**Respectfully submitted;**

Glenn G. Guyn #127926
**Dixon Correctional Institute**
**P.O. Box 788 Unit-1 Dorm-E**
**Jackson, La.  70748-0788**

## CERTIFICATE OF SERVICE

I, Glenn G. Guyn, hereby certify that a copy of the above and foregoing *Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus* has been served on the District Attorney's Office for the Parish of Washington, by placing the same in the United States Mail, postage prepaid, and properly addressed on this *19th* day of September, 2018, from Jackson, La.

Glenn G. Guyn # 127926

17

GLEN GUYN #127926
Dixon Corr, Institute U-1-D-E
P.O. Box 788
Jackson, La 70748-0788

United States District Court
Eastern District of Louisiana
500 Poydras St., C-151
New Orleans, La. 70130

" LEGAL MAIL "